IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN C. HEIMBACH,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-3964** |
| | : | |
| **RONALD HILL,** | : | |
|     Defendant. | : | |

**<u>MEMORANDUM</u>**

**SLOMSKY, J.**                                                                                                                                 **OCTOBER 14, 2021**

      This matter comes before the Court by way of a Complaint and Request for Injunction (ECF No. 2), filed by Plaintiff Justin C. Heimbach, proceeding *pro se*. Heimbach has also filed an Application to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Heimbach leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice.

**I.**     **FACTS**

      Heimbach avers that the events giving rise to his claims occurred in the "Bethlehem Pennsylvania Magistrate District Court [and] Lehigh County Courthouse" on December 22, 2020 and January 27, 2021 during a landlord-tenant proceeding instituted by Defendant Ronald Hill. (Compl. at 4.)[1] Heimbach alleges that he was "unable to submit evidence [he] had and evidence at the time was unavailable to [him]." (*Id.* at 5.) Heimbach asserts that despite his inability to present evidence at the hearing, Hill was permitted to "present documentation," which Heimbach avers demonstrated "fraudulent practices." (*Id.*) Heimbach contends that "[t]aking someone's

---

[1] The Court uses the pagination assigned to Heimbach's documents by the CM/ECF docketing system.

1

home from there thier [sic] divinity thier [sic] business crumbling amongst COVID finding elsewhere with an eviction wrongfulness in so may ways." (*Id.*)

Heimbach states that the basis for jurisdiction in this Court is a federal question, citing Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.* at 3.) Heimbach seeks a declaratory judgment finding that Hill's actions violate the Fair Housing Act of 1968. (*Id.* at 7.) Heimbach seeks monetary damages in the amount of $45,000 for economic loss, humiliation, mental anguish, and emotional distress, as well as punitive damages in the amount of $30,000, and reasonable attorney's fees and costs under 42 U.S.C. § 3613(c). (*Id.*) He also seeks injunctive relief in the form of a court order enjoining Hill from "imposing discriminatory, retaliative, frivolous means relating to the relating to the lease terms . . . or terminating his lease rather [than] allow it implemented for an additional [] twelve months . . ." (*Id.*) Finally, Heimbach seeks a "written apology . . . for how [Hill] conducted himself with zero remorse, consideration or any regards whatsoever for the constitutional Civil rights and respecting such accordingly." (*Id.*)

Public dockets reflect that on December 8, 2020, Hill filed a landlord/tenant complaint against Heimbach before Magisterial District Judge Daniel C. Trexler in Lehigh County. *Hill v. Heimbach*, Docket No. MJ-31106-LT-0000146-2020. Steven D. Brown, Esquire subsequently entered his appearance on Hill's behalf. (*Id.*) On December 22, 2020, Judge Trexler granted a continuance of the final hearing. (*Id.*) On January 27, 2021, Magisterial District Judge Edward M. Lewis entered judgment in favor of Hill. (*Id.*) On February 5, 2021, Heimbach filed an appeal from the judgment, but was unsuccessful. (*Id.*) On March 9, 2021, Hill filed a writ for possession. (*Id.*) The writ for possession was issued on March 9, 2021 and, according to the docket, was successfully served on Heimbach on March 10, 2021 and April 21, 2021. (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Heimbach leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Heimbach is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Claim Seeking Review of State Court Proceedings

Heimbach's reliance on Rule 60(b),[2] combined with the allegations in the Complaint, indicate to the Court that he is seeking relief from the judgment entered against him in the state court eviction proceedings. (Compl. at 3.) To the extent that Heimbach is seeking review of rulings entered by the state courts in concluded proceedings, this Court lacks jurisdiction to do so. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Heimbach, who lost in state court, filed this action seeking reversal of the state court's judgment leading to his eviction on the basis that the judgment was incorrect

---

[2] Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

or flawed. Pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to entertain those claims or vacate the state court's judgment. Any claims, therefore, whether for money damages or injunctive relief seeking review or reversal of the state court's judgment will be dismissed with prejudice.

### B. Fair Housing Act Claims

While the Fair Housing Act ("FHA") prohibits discriminatory practices in housing, Heimbach has not stated a claim under that statute because nothing in his Complaint suggests that he was discriminated against on an impermissible basis. *See Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly*, 658 F.3d 375, 381 (3d Cir. 2011) ("The FHA makes it unlawful to 'refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.'" (quoting 42 U.S.C. § 3604(a)); *see also White v. Barbe*, No. 18-3301, 2019 WL 1787217, at *2 (3d Cir. Apr. 24, 2019) (affirming dismissal of pleading alleging Fair Housing Act claims because a pleading that "consists of vague allegations of wrongdoing with no factual elaboration, is insufficient to state a claim"). There are no allegations in the Complaint concerning discrimination, nor are there any allegations indicating that Heimbach was subjected to discrimination because of his race, color, religion, sex, familial status, national origin, or any disability. While Heimbach's FHA claims are subject to dismissal at this time, in an abundance of caution, he will be given leave to amend if he can assert plausible allegations of wrongdoing under the FHA.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Heimbach leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss Heimbach's claims which seek review or reversal of

the state court's judgment with prejudice.  Heimbach's FHA claims will be dismissed without prejudice to his right to file an amended complaint if he can cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**