IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN C. HEIMBACH,    :   | |
|     Plaintiff,    : | |
| : | |
| v.    : | CIVIL ACTION NO. 21-CV-3964 |
| : | |
| RONALD HILL,    : | |
|     Defendant.    : | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                    February 3, 2022

    Currently before the Court is an Amended Complaint ("AC") filed by Plaintiff Justin C. Heimbach. (*See* ECF No. 7.) For the following reasons, the Court will dismiss the AC in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and in part for lack of subject matter jurisdiction.

**I.**      **FACTUAL ALLEGATIONS**

    Heimbach's initial Complaint named Ronald Hill as a Defendant, and alleged that the events giving rise to his claims occurred in the "Bethlehem Pennsylvania Magistrate District Court [and] Lehigh County Courthouse" on December 22, 2020 and January 27, 2021 during a landlord-tenant proceeding instituted by Hill. (ECF No. 2 at 4.)[1] Heimbach alleged that he was "unable to submit evidence [he] had and evidence at the time was unavailable to [him]." (*Id.* at 5.) Heimbach further asserted that despite his inability to present evidence at the hearing, Hill was permitted to "present documentation," which Heimbach avers demonstrated "fraudulent practices." (*Id.*) Heimbach sought a declaratory judgment finding that Hill's actions violated the

---

[1] The Court uses the pagination assigned to Heimbach's documents by the CM/ECF docketing system.

1

Fair Housing Act of 1968. (*Id.* at 7.) Heimbach also sought monetary damages and injunctive relief in the form of a court order enjoining Hill from "imposing discriminatory, retaliative, frivolous means relating to the relating to the lease terms . . . or terminating his lease rather [than] allow it implemented for an additional [] twelve months . . ." (*Id.*)

Public dockets reflect that on December 8, 2020, Hill filed a landlord/tenant complaint against Heimbach before Magisterial District Judge Daniel C. Trexler in Lehigh County. *Hill v. Heimbach*, Docket No. MJ-31106-LT-0000146-2020. Steven D. Brown, Esquire subsequently entered his appearance on Hill's behalf. (*Id.*) On December 22, 2020, Judge Trexler granted a continuance of the final hearing. (*Id.*) On January 27, 2021, Magisterial District Judge Edward M. Lewis entered judgment in favor of Hill. (*Id.*) On February 5, 2021, Heimbach filed an appeal from the judgment, but was unsuccessful. (*Id.*) On March 9, 2021, Hill filed a writ for possession. (*Id.*) The writ for possession was issued on March 9, 2021 and, according to the docket, was successfully served on Heimbach on March 10, 2021 and April 21, 2021. (*Id.*)

In an October 14, 2021, Memorandum and Order, the Court granted Heimbach leave to proceed *in forma pauperis* and dismissed his Complaint in part with prejudice and in part without prejudice. *See Heimbach v. Hill*, Civ. A. No. 21-3964, 2021 WL 4818426, at *1 (E.D. Pa. Oct. 14, 2021). First, the Court concluded that to the extent that Heimbach sought review of the state court's judgment leading to his eviction, the Court lacked jurisdiction to entertain those claims or vacate the state court's judgment pursuant to the *Rooker-Feldman* doctrine. *Id.* at *2. Accordingly, any claims for money damages or injunctive relief seeking review or reversal of the state court's judgment were dismissed. *Id.* Next, the Court concluded that Heimbach had not stated a claim under the Fair Housing Act ("FHA") because nothing in his Complaint suggested that he was discriminated against on an impermissible basis. *Id.* Heimbach's FHA claims were

2

dismissed without prejudice, and he was given leave to amend if he could assert plausible allegations of wrongdoing under the FHA.

The Court's Order gave Heimbach thirty days to file an amended complaint as to his FHA claims. (ECF No. 6.) Heimbach was also instructed that any amended complaint was required to state a claim without reference to the initial Complaint or other documents filed in this case, and suggested he be mindful of the Court's reasons for dismissing his initial Complaint. (*Id.*)

Heimbach returned with his AC, which he completed by utilizing a standard complaint form. (ECF No. 7.) On page one of his AC, the caption lists Ronald Hill and Hill Enterprise as Defendants, but Hill Enterprise is not specifically listed on page two of the complaint form which instructs Heimbach to "[l]ist all defendants." It is, therefore, unclear to the Court whether Heimbach intended to sue an entity he refers to as Hill Enterprise.

In his AC, Heimbach now avers that the events giving rise to his claims occurred at "723 2nd Avenue Bethlehem" and "623 W. Union Blvd. Suites 4 & 5: Beth. PA Lehigh county"[2] with the approximate date and time listed as "November 2020 October 2020 FEB 22nd (3:15) JAN. 27th, 2021 (11:15)." (ECF No. 7 at 3.) Heimbach contends, as he did in his initial Complaint, that the landlord/tenant complaint and writ of possession were fraudulently obtained by Hill and his attorney, Brown. (*Id.*) Heimbach asserts that the landlord/tenant complaint contained "falsified factual claims" including an assertion of "overdue rent monetary sums." (*Id.*) He further avers that the "recovery of real property was unethically allowed" from a judicial standpoint, and he contends that the "Complaint filed by Defendant Ronald Hill" should be

---

[2] The Union Boulevard address listed in the Complaint is the address of Lehigh County Magisterial District 31-1-06.

"reviewed further unto the matter of specific docket." (*Id.*) Heimbach contends that the "fraudulent actions" and "conspiratorial acts" committed by the defendants have deprived him "of his Constitutional guaranteed and protected rights within the[] United States of America." (*Id.*)

Heimbach alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), the "Pennsylvania Fair Credit Extension Uniformity Act (Fair Credit Act)", and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (*Id.*) Heimbach also asserts the following claims:

> conspiracy to violate civil rights; violation of civil rights, malicious abuse of process 'assault and battery and terroristic threats by defendants to cause plaintiff's existing protection from abuse order to be intentionally knowingly violated, wrongful use of civil proceedings (42 Pa. C.S. § 8351)' civil fraud wrongful use of civil proceedings 'intentional infliction of severe emotional distress theft by deception' and 'reckless indifference, willful blindness, and outrageous conduct.

(*Id.*)

Heimbach seeks the following relief: the "return of his rental property" for one year free and clear of any rent; actual damages in the amount of $100,000 plus punitive damages in an amount twice the actual damages for "defendants outrageous conspiratorial conduct & intentional infliction of emotional distress"; and a written apology from Hill. (*Id.*)

## II.   STANDARD OF REVIEW

Since Heimbach is proceeding *in forma pauperis*, his AC is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

## DISCUSSION

### A. Claim Seeking Review of State Court Proceedings

The Court previously determined that pursuant to the *Rooker-Feldman* doctrine, the Court lacked jurisdiction to review or vacate the judgment entered against Heimbach in the state court eviction proceedings. (ECF No. 5 at 4-5.) Based on the allegations set forth in the AC, Heimbach is again attempting to reassert claims, whether for money damages or injunctive relief, seeking review or reversal of the state court's judgment. As previously noted, *Rooker-Feldman* deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted). Accordingly, the Court lacks jurisdiction to review or vacate the state court's judgment, and any claims seeking review or reversal of the state court's judgment will be dismissed.

### B. Federal Claims

In his initial Complaint, Heimbach asserted claims under the Fair Housing Act but was unsuccessful because nothing in his initial pleading suggested that he was discriminated against on an impermissible basis. (ECF. No. 5 at 5.) In the AC, Heimbach attempts to reframe his federal claims as arising under the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 7

at 3.) Regardless of the label Heimbach has attached, it remains that his claim is strictly based on the landlord/tenant action that resulted in a state court judgment against him.

The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "'To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)).

Heimbach has not alleged a plausible FDCPA claim because he has not clearly alleged that any of the Defendants were debt collectors who used abusive or unfair practices in attempting to collect a debt from him. Heimbach repeatedly uses the word fraud in his AC, but without further factual support, his allegations do not translate into a plausible FDCPA claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (FDCPA claim was not pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Liberally construing his AC, Heimbach may also be raising civil rights claims, pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

6

42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Pursuant to § 1983, action under color of state law requires that those liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). However, "purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

Here, nothing in the Complaint suggests that any of the Defendants are state actors. *See, e.g., Hepfl v. Boot*, Civ. A. No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) on the basis that she was a private individual and not a state actor); *Massey v. Crady*, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens ... are not state actors, and therefore ... any § 1983 claims against [them] should be dismissed."). Accordingly, there is no basis for any § 1983 claims here. Nor is there any other plausible basis for a federal claim against the Defendants.

### C. State Law Claims

Heimbach appears to be raising state law claims such as, *inter alia*, malicious abuse of process and wrongful use of civil proceedings, against the named Defendants. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28

U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Heimbach asserts that the state of citizenship of both parties is Pennsylvania, providing only Pennsylvania addresses for himself and Hill, which indicates that he and Hill are non-diverse Pennsylvania citizens. (ECF No. 7 at 3.) Heimbach has therefore failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law claims

he may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted). Accordingly, any state law claims will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the AC. Heimbach's federal claims will be dismissed with prejudice for failure to state a claim, except for those claims barred by *Rooker-Feldman*, which will be dismissed without prejudice, and his state law claims will be dismissed for lack of subject matter jurisdiction. Having reviewed the docket in its entirety, the Court concludes that further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). However, the dismissal of Heimbach's state law claims is without prejudice to him refiling his state law claims in state court, where federal jurisdiction will not be an issue. An appropriate Order follows.

BY THE COURT:

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**